(21 Misc. Rep. 409.)

### STANFIELD v. STANFIELD et al.

(Supreme Court, Trial Term, New York County.  October, 1897.)

1. STRIKING CASE FROM CALENDAR—DEFECT OF PARTIES.
    An objection that all joint defendants are not within the jurisdiction of the court should be passed upon when the case comes for trial, and not on a motion to strike from the calendar.

2. SAME—JURISDICTION OF PARTIES.
    A cause will not be stricken from the calendar on the ground that all joint defendants are not within the jurisdiction of the court, where proper notices of trial have been served, and note of issue filed.

3. SAME—LACHES.
    A motion to strike from the calendar comes too late when made after a cause has appeared three times on the calendar.

Action by Hope G. Stanfield against George O. Stanfield and others.    Motion by defendants to strike the cause from the calendar. Denied.

Russell & Winslow, for the motion.

Benno Loewy, opposed.

GILDERSLEEVE, J.    The defendant moves to strike the cause from the calendar on the ground that "this is a joint action, and must be brought to trial jointly as against all of the defendants herein, and that all of said defendants are not within the jurisdiction of this court, and said action cannot proceed to trial until all of the defendants herein are brought within the jurisdiction of this

court." The motion must be denied for .three reasons: First, because the question here raised had better be passed upon when the case comes on for trial, rather than on a motion to strike the cause from the calendar as being irregularly thereon; second, because the cause is regularly on the calendar, inasmuch as proper notices of trial have been served, and a proper note of issue filed; third, because this cause has appeared three times on the calendar before the present term, and defendant is guilty of laches in waiting until its fourth appearance before making his motion. Motion to strike cause from the calendar denied.

Motion denied.